IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Rashad Johnson, #356055, ) | Case No.: 4:25-cv-13033-JD-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 13), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Petitioner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] (DE 1.)

A.   Background

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference.

The Magistrate Judge recommends that the Petition be summarily dismissed without prejudice as premature due to Petitioner's failure to exhaust available state-

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

court remedies.[2] The Report advised Petitioner of his right to file specific written objections and of the consequences of failing to do so. No objections were filed, and the time for filing objections has expired.

B.  Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

C.  Conclusion

The Court has reviewed the entire record and finds no clear error. Accordingly, the Court hereby ADOPTS the Report and Recommendation (DE 13) in full.

IT IS THEREFORE ORDERED that Petitioner's § 2254 Petition is SUMMARILY DISMISSED WITHOUT PREJUDICE, for failure to exhaust state-court remedies, and without requiring the Respondent to file a return. It is also ORDERED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2]  See generally, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx/ (with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

IT IS SO ORDERED.

Florence, South Carolina
January 5, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.